Samuel Goldberger vs. Morris Flink et al. } Eq. No. 10447.

February 10, 1931.

BLODGETT, P. J. Heard upon bill, answer and proof.

The bill is brought to have the respondents held as trustees to account to complainant for certain funds held by them.

In May, 1928, David Pearlman, doing business as The Restaurant Equipment Co., sold to Adolph Dugas certain restaurant equipment and fixtures valued at $6009.73. Dugas signed an agreement to pay a certain amount in cash and to pay each month a rental of $375 until the gross amount was paid, and that until said amount was fully paid title to said articles would remain in lessor. Dugas paid a certain amount in cash and then in lieu of the monthly rent gave Pearlman 12 promissory notes dated May 18, 1928, and payable in 12 successive months after date.

Pearlman sold 8 of said notes to Morris Flink for $3000 and gave Flink an assignment of the rental agreement. When one of these notes was unpaid Flink took possession of the equipment covered by said agreement and sold same, and also 5 of the said 8 notes, giving a bill of sale therefor to A. J. Gingras, the other respondent, and subsequently turned over the said agreement to Gingras, although not making a formal assignment of the same, receiving $1300 therefor. Flink further had received payment on three certain notes, the total amount received being $2425. Gingras subsequently transferred the articles bought by him to one Politis who has intervened as a party.

There is no testimony to show that Gingras did not purchase in good faith and for a valuable consideration. The allegation of the bill is that Gingras at time of sale to him well knew that Goldberger was the holder of four of said notes, and that Flink, when he took possession, did so for the purpose of protecting the holder of said notes. There is no requirement in Rhode Island that a lease of personal property shall be recorded. It has been held that a conditional lease is not a mortgage.

*Arnold* vs. *Chandler Motors* 45 R. I. 469.

In *Hamblin* vs. *Sprague*, 50 R. I. 99-102, the Court says:

"We are not to construe equities into the contract, but to carry it out as the parties were content to make it."

There is nothing in the record to show that respondent Gingras had any notice of any equities existing between Flink and Goldberger, or that he did not purchase the same without valuable consideration and from a

party in rightful possession under a legal title.

The court is of the opinion that the bill should be dismissed as to respondent Gingras.

The transactions between Pearlman and Flink, and between Pearlman and Goldberger are next to be considered.

Pearlman was in need of cash, and it appears upon the record that at some period subsequent to both these transactions he became bankrupt. Pearlman approaches Flink to induce him to buy the Dugas notes. Upon investigation Flink agrees to purchase all but four of these notes and Pearlman assigns to him as security for the payment of the same the conditional contract. Subsequently Pearlman approaches Goldberger and induces him to purchase the remaining four notes not then due, and Goldberger purchases the same for less than their face value.

It was not an ordinary business transaction between merchant and merchant, but that of a man needing money going to money lenders. It was speculative in character.

The theory of complainant is that the conditional sales agreement is in the nature of a mortgage, and that such agreement is given as security for all the notes issued, and that the holder of a portion of such notes and assignee of the original agreement holds same as trustee for the payment of all the notes.

Each of said notes is as follows except as to date of payment.

"$375

Pawtucket, R. I. May 18, 1928.

Ten months after date I promise to pay to the order of The Restaurant Equipment Company three hundred and seventy-five dollars.

Payable at the Slater Branch Industrial Trust Co.

Value received with interest at 6%.

Elks Diner

Due 3/18        By A. A. Dugas
                221 Hillside Ave.,
                Pawtucket, R. I."

It will be noted that there is no reference to any security for payment upon the face of the notes. The brief filed in behalf of complainant cites a large number of authorities based upon the rule applied in case of mortgages securing two or more notes, where one or more of such notes have been assigned and the mortgage assigned as security, viz.: that the assignee holds same as security for all the notes issued.

There are also authorities to the contrary cited in brief filed in behalf of respondent Flink.

Pearlman, the original holder of the notes and conditional agreement, was authorized by the agreement to repossess the articles leased upon failure of lessee to pay the monthly rent. For a valuable consideration he sold and assigned all his rights and title under such lease to Flink. Flink had the power, and exercised it, to repossess. What became of the remaining notes was no concern to him. He had the right to satisfy his own claim by exercising the power conferred upon him by said lease and there is no claim made that he illegally or fraudulently exercised such power. From the record it appears that there is no balance left in his hands above the amount due on the notes purchased by him.

Apparently, from the testimony, the complainant bases his claim upon a promise alleged to have been made by respondent Flink that when his (Flink's) claim was satisfied he (Flink) would assign the lease to complainant.

Paragraph 3 of the bill of complaint alleges that Pearlman, at the time he

sold the four notes to complainant, said that it was his intention to sell the four notes remaining in his hands and that said Pearlman requested said Flink to protect the holder of said four notes in accordance with the terms and conditions of said lease, and alleges upon information and belief that said Flink then and there agreed to guard and protect the interests of the owner and holder of said notes in accordance with the terms and conditions of said lease.

Paragraph 4 alleges that complainant after purchase of the four notes interviewed respondent Flink and notified him that he (Goldberger) was the holder thereof, and that respondent Flink agreed to protect him (complainant) in accordance with the terms of said lease.

The lease itself sets forth the articles leased and the total values thereof, the amount to be paid in cash on May 24, 1928, the amount to be paid upon completion of the job, and a certain amount of rental to be paid every month, viz: $375, until the amount above specified was paid, and if said rent above specified were not paid that lessor could repossess.

No mention is made in the lease of any notes, or in the notes of any lease. There is nothing of record to show that the agreement was given to secure any notes. Such a lease could in no sense be construed as a mortgage.

The only ground upon which complainant can establish his right to the remedy asked for is the promise of Flink and the agreement of Pearlman, both of which were denied by the two at the hearing, and the court feels complainant has not sustained the burden of proof.

A decree may be entered dismissing the bill as to all respondents.

For Complainant: McGovern and Slattery.

For Respondents: Robinson and Robinson, W. V. Griffin.